UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN - 1 2004 ★
BROOKLYN OFFICE

| | |
|---|---|
| Lachaune Tinsley, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) No. |
| v. | ) JURY DEMANDED |
| Mitchell N. Kay, individually and d/b/a Law Offices of Mitchell N. Kay, | )<br>) CLASS ACTION |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Lachaune Tinsley files this Amended Complaint against Defendant, Mitchell N. Kay, individually and d/b/a Law Offices of Mitchell N. Kay, for its violations of the Fair Debt Collection Practices Act.

### *Introduction*

1. This action seeks redress for the Defendant's deceptive practices concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### *Parties*

2. Tinsley is a citizen of the State of New York who resides within this district.

3. Tinsley is a "consumer," as that term is defined by § 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant Kay sought to collect from her is a consumer debt.

4. The debt Kay attempted to collect was purportedly owed to "RJM Acquisitions Funding LLC, assignee of Fingerhut," and was purportedly incurred primarily for personal, family or household purposes.

1

5. Kay's principal place of business is located at 7 Penn Plaza, 18th Floor, New York, NY 10001.

6. Kay regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

7. Kay is regularly engaged for profit in the collection of debts allegedly owed by consumers.

8. Kay is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Kay can be found, has agents or transacts business in this district.

### *Factual Allegations*

12. Sometime in 2003, on a date better known by Defendant, Kay attempted to collect an alleged debt from Tinsley.

13. The debt was allegedly due to "RJM Acquisitions Funding LLC, assignee of Fingerhut."

### *The First Letter*

14. On or about June 4, 2003, Kay sent Tinsley an unsigned form collection letter on his "Law Office of Mitchell N. Kay" letterhead, a copy of which is attached as Exhibit A.

15. In the June 4, 2003 letter, Kay attempts to collect from Tinsley the sum of $773.83.

16. Exhibit A was the first and initial communication Tinsley received from Kay.

17. Exhibit A violated one or more provisions of the FDCPA.

18. Exhibit A does not contain a signature from Kay or any other human being at Kay's offices.

### *The Second Letter*

19. On or about July 16, 2003, Kay sent Tinsley a second unsigned collection letter on "Law Offices of Mitchell N. Kay" letterhead. A copy of the July 16, 2003 letter is attached as Exhibit B.

20. Again, no signature from an attorney or any other human being appears on Exhibit B.

21. In the second collection letter, Kay offers Tinsley "A PAYMENT PLAN WITHOUT INTEREST CHARGES."

22. Kay then proposes that Tinsley make 6 monthly payments of $77.00.

23. After these six payments have been made, Kay states that "we will contact you to discuss payment of the remaining balance due."

24. Kay does not explain what interest charges he is referring to in the July 16, 2003 letter or whether the alleged debt could accrue any interest charges in the first place.

25. Kay does not explain what remaining amount he will seek to collect from the consumer once the payment plan is complete.

26. Moreover, the payment coupon at the bottom of the letter fails to alert the consumer that Kay maintains the right to collect additional funds after the payment plan is completed.

### *The Third Letter*

27. On or about August 27, 2003, Kay sent Tinsley a third unsigned collection letter on "Law Offices of Mitchell N. Kay" letterhead. A copy of the August 27, 2003 letter is attached as Exhibit C.

28. In the August 27, 2003 letter, Kay offered Tinsley a better settlement offer than the one allegedly being offered in the July 16, 2003 letter.

29. Instead of offering to settle for $464.29 – or 60% of the $773.83 balance allegedly due – Kay offered to give a "DOUBLE CREDIT OFFER" for every dollar paid.

30. In other words, in the August 27, 2003 letter, Kay offered to settle for $386.92, or 50% of the $773.83 balance allegedly due.

31. Kay's claim made in Exhibit B that the "offers will be valid for a period of thirty (30) days from the date of this letter" was objectively false because failure to accept the offer within the thirty-day period did not result in withdrawal of the offer but rather, in a reduction in the settlement amount demanded.

### COUNT I (Class A)
*Violations of Sections 1692e and e(10) of the*
*Fair Debt Collection Practices Act Brought by Tinsley on Behalf of Herself*
*and the Members of a Statewide class, Against Mitchell N. Kay*

32. Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs as if set forth fully in this Count.

33. This Count is brought on behalf of Tinsley and a statewide class, Class A, consisting of all consumers who, according to Defendant's records, had a New York address and:

4

(a) within one year before the filing of this action; (b) were sent a collection letter in a form materially identical or substantially similar to the letter sent to the Plaintiff on or about July 16, 2003, attached as Exhibit B; and (c) the letter was not returned by the postal service as undelivered.

34. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

(B) Questions of law and fact common to the class predominate over any questions affecting only individual class members. The principal question involving Class A is whether the form of the July 16, 2003 letter sent by Defendant violates § 1692e and its subsections by deceptively representing the advantages of a monthly payment plan when Kay could still assert its right to collect the remainder of the balance.

(C) The only individual issue is the identification of the consumers who received the letters (*i.e.* the class members) which is a matter capable of ministerial determination from the Defendant's records.

(D) Tinsley's claims are typical of those of the class members. All are based on the same facts and legal theories.

(E) Tinsley will fairly and adequately represent the class members' interests and her interests are consistent with the class members' interests. Tinsley has retained counsel experienced in bringing class actions and collection abuse claims.

35. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or

varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

36. If the facts are discovered to be appropriate, Tinsley will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

### *Defendant's Violations of §1692e and e(10)*

37. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

38. Section 1692e of the FDCPA states that a debt collector cannot "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. Section 1692e(10) states that a debt collector cannot "use any false representation or deceptive means to collect or attempt to collect any debt."

40. Defendant's acts violate the FDCPA, 15 U.S.C. § 1692e and e(10) by:

   (a) Failing to explain what "interest charges" are referred to in the body of the letter, especially for accounts on which no interest could be collected;

   (b) Failing to explain what will occur after Plaintiff makes the six monthly payments of $77.00;

   (c) Attaching a payment coupon to the bottom of the correspondence that creates the impression that Plaintiff owes three different amounts on the alleged debt.

   (d) Attaching a payment coupon to the bottom of the correspondence that fails to explain that, after all monthly payments are made, Kay may still assert a right to collect the full remaining balance.

41. Defendant Kay is liable to Tinsley and the members of the class for violating § 1692e and e(10) of the FDCPA.

WHEREFORE, Plaintiff requests that this Court grant the following relief in her favor and on behalf of <u>Class A</u>, against Mitchell N. Kay, individually and d/b/a Law Offices of Mitchell N. Kay:

    A)    Statutory damages as provided by §1692k of the FDCPA;

    B)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    C)    A declaration that Defendant's form letters, represented by the form sent to the Plaintiff on or about July 16, 2003, violate the FDCPA; and

    D)    Any other relief that this Court deems appropriate and just.

### COUNT II (Class B)
*Violations of Sections 1692e, e(3,) and e(10) of the Fair Debt Collection Practices Act Brought by Tinsley, on Behalf of Herself and the Members of a Statewide Class, Against the Law Offices of Mitchell N. Kay*

42.    Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs as if set forth fully in this Count.

43.    This Count is brought on behalf of Tinsley and a statewide class, <u>Class B</u>, consisting of all consumers who, according to Defendant's records, had a New York address and: (a) within one year before the filing of this action; (b) were sent a collection letter in a form materially identical or substantially similar to any of the letters sent to the Plaintiff on or about June 4, 2003, July 16, 2003, and August 27, 2003, attached as <u>Exhibits A-C</u>; and (c) the letter was not returned by the postal service as undelivered.

44.    Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A)    Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

(B) Questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal questions involving Class B are: (1) whether the letter sent by Defendant violates §1692e and its subsections by using language designed to create the belief in the least sophisticated consumer that a lawsuit would be recommended and filed against the consumer for the alleged debt; and (2) whether the letter sent by Defendant violates §1692e and its subsections by using language designed to create the belief that there was meaningful involvement by an attorney in reviewing the account.

(C) The only individual issue is the identification of the consumers who received the letters (*i.e.* the class members), a matter capable of ministerial determination from the Defendant's records.

(D) Tinsley's claims are typical of those of the class members. All are based on the same facts and legal theories.

(E) Tinsley will fairly and adequately represent the class members' interests and her interests are consistent with the class members' interests. Further, Tinsley has retained counsel experienced in bringing class actions and collection abuse claims.

45. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46. If the facts are discovered to be appropriate, Tinsley will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

### *Defendant's Violations of §1692e, e(3), and e(10)*

47. Section 1692e of the Fair Debt Collection Practices Act provides, in relevant part:

> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

8

> *Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .*
>
> \*   \*   \*
>
> (3)   *The false representation or implication that any individual is an attorney or that any communication is from an attorney.*
>
> \*   \*   \*
>
> (10)  *The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

48.   Defendant Kay sends out thousands of letters a year under his attorney letterhead.

49.   On information and belief, Kay uses a mechanized computer-driven process to send these letters, and most variable information (such as the name of the creditor, the alleged amount due, and the name of the consumer) is inserted into pre-defined "fields" by a word-processor or other computer-driven document assembly software.

50.   Further, Plaintiff is informed and believes, and on that basis alleges, that the information to be inserted in these fields is sent to Kay *en masse*, as electronically-stored information, *via* modem or other computer-readable format.

51.   The letters are then created directly from this electronically stored information.

52.   On information and belief, no attorney meaningfully reviews or authorizes any particular individual letter before it is sent.

53.   Rather, the only attorney involvement is to review the form of letter sent and to define some general parameters as to the intended recipients.

54.   This allegation is bolstered by the fact that the letters sent to Tinsley do not contain signatures.

55. Kay violated § 1692e of the FDCPA by sending the computer-generated collection letters on attorney letterhead to Plaintiff and the class members.

56. The letters deceptively purport to be "from an attorney" when in fact the letters, which are on "Law Offices of Mitchell N. Kay" attorney-letterhead, are not from an attorney in any meaningful sense.

57. No attorney reviews the file, makes determinations about the legal validity of the debt before the letters are sent or interacts with the consumer.

58. Mitchell N. Kay d/b/a "Law Offices of Mitchell N. Kay" is a collection agency masquerading as a law firm, which uses clerical workers, not attorneys, to collect debts using the power and leverage of a law license.

59. Defendant is liable to Plaintiff and the class members for his violations of §§ 1692e, e(3), and e(10) of the FDCPA.

WHEREFORE, Plaintiff requests that this Court grant the following relief in her favor and on behalf of <u>Class B</u>, against the Defendant, Mitchell N. Kay, individually and d/b/a Law Offices of Mitchell N. Kay:

    A) Statutory damages as provided by §1692k of the FDCPA;

    B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    C) A declaration that Defendant's practice of sending computer-generated form collection letters on attorney letterhead without prior attorney review violates the FDCPA; and

    D) Any other relief that this Court deems appropriate and just.

*Demand for Jury Trial*

Please take notice that Plaintiff demands trial by jury in this action

Dated:      New York, New York
            June 1, 2004

                                    Respectfully submitted,

                                    BRIAN L. BROMBERG, P.C.

                                    By: _____
                                        Brian L. Bromberg (BLB: 6264)
                                        One of Plaintiff's Attorneys

Attorneys for Plaintiff
Brian L. Bromberg (BLB - 6264)
Brian L. Bromberg, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Lance A. Raphael (LAR - 3625)*
Stacy M. Bardo (SMB - 4426)*
Attorneys at Law
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

Cary Flitter (CF -    )*
Lundy, Flitter, Beldecos & Berger, P.C.
450 N. Narberth Ave
Narberth PA 19072
(610) 668-0770

* NOTE – Out-of-state counsel will move for *pro hac vice* admission shortly after the case is assigned to a judge, the complaint is served, and the Defendant appears.

11